IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO GONZALEZ[1],

    Petitioner,           No. CIV S-11-3032 DAD P

   vs.

ICE - I.N.S. IMMIGRATION,

    Respondent.       ORDER

_____/

      Petitioner is an inmate at the Sacramento County Jail and is apparently currently being detained due to an immigration hold. He has filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner has consented to Magistrate Judge jurisdiction over this action for all purposes pursuant to 28 U.S.C. § 636(c). Doc. No. 3. For the reasons set forth below, the court will dismiss this action.

---

[1] The Clerk of the Court will be directed to correct the court's docket to reflect petitioner's correct name, Francisco Gonzalez.

[2] Petitioner has used the form petition for a writ of habeas corpus in filing his application for relief with the court but has not specifically indicated that he is seeking to proceed under 28 U.S.C. § 2241. However, because it appears that petitioner is challenging an administrative decision involving an immigration issue, the court presumes that petitioner is proceeding pursuant to § 2241 and not 28 U.S.C. § 2254.

1           In his habeas petition, petitioner contends that on February 7, 2011, he was
2   "picked up" for driving under the influence ("D.U.I.") with prior convictions, and is now facing
3   deportation for illegal re-entry into the United States. (Pet. (Doc. No. 1), at 3.) Petitioner asserts
4   that "[m]y petition is basically on I.N.S. ICE" and contends that "they are breaking the law . . .
5   but they don't [sic] get no trouble!" (Id.) Petitioner explains that in 2009, he was returned to
6   Mexico after he signed papers, but he was never told at that time he was being deported. (Id.)
7   Petitioner believes that he should have been given the opportunity to speak to an attorney or
8   judge before he signed the papers that resulted in his return to Mexico. (Id.) In terms of relief,
9   petitioner seeks the lifting of the INS hold which is keeping him in custody and he requests that
10  upon his release he be placed on supervised release. (Id. at 4.) Finally, petitioner states that he
11  wishes to stay in the United States and would "rather be in prison for life in California instead of
12  going to Mexico." (Id.)

13          The court's own records reveal that petitioner has previously filed a federal habeas
14  petition challenging his INS hold.³ In Gonzalez v. Martel, Case No. CIV-11-2121 GGH P
15  petitioner was advised that under the REAL ID Act, the "federal district court jurisdiction to hear
16  a habeas challenge to an administrative decision relating to a removal order has been curtailed by
17  section 106(a) of the REAL ID Act. See 8 U.S.C. § 1252(a)(5)." Case No. CIV-11-2121 GGH
18  P, Doc. No. 9 at 2. Petitioner was also informed at that time that it is ICE and not the district
19  court that determines whether he is deportable or removable, and whether he is entitled to a stay
20  of removal. Id. at 3(citing Ceja v. Immigration and Customs Enforcement, 2009 WL 910858, at
21  *2 (E.D. Cal. Apr. 2, 2009). Because petitioner was seeking to challenge his INS hold rather
22  than a state court issued judgement of conviction, his earlier-filed habeas action was dismissed.
23  /////

---

³ A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

Likewise in this case, petitioner is again challenging the legality of an immigration hold placed upon him by immigration officials. That is a challenge over which this court lacks jurisdiction.[4]

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to correct the court's docket to reflect petitioner's name as Francisco Gonzalez;

2. Petitioner's petition for writ of habeas corpus is denied for lack of jurisdiction; and

3. This action is dismissed.

DATED: December 13, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
gonz3032.dism

---

[4] Moreover, this action is duplicative of the action previously filed by petitioner and dismissed by this court on October 14, 2011 (see Gonzalez v. Martel, Case No. CIV-11-2121 GGH P) and is subject to dismissal on that basis as well.